CHARLES EISLER

*v.*

INTERSTATE TITLE EXAMINERS, INCORPORATED.

[Decided February 3d, 1930.]

*Mr. William A. Kirk,* for the appellants.

*Mr. Herbert L. Elins,* for the respondent receiver.

*Mr. Isidor Kalisch,* for the respondent Maltose Holding Company,

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal taken by certain creditors of the Interstate Title Examiners, Incorporated, an insolvent corporation, from a decree approving the final account submitted by the receiver of the assets which have come into his hands and his disbursements therefrom; and also fixing the compensation of the receiver, the compensation of his counsel,

and of an auditor employed by him in the winding up of the affairs of the insolvent corporation. The total amount of assets which came into the hands of the receiver was approximately $25,000. The court allowed him as compensation for his services the sum of $2,500. It further allowed a fee of $2,500 to his counsel and an additional $1,000 to the auditor employed by him for the work done in the examination of the books of the insolvent corporation and his report thereon.

The first contention on the part of the appellants is that these allowances fixed by the court and above recited are excessive and exorbitant, and that to this extent the decree should be reversed. It seems to us that this contention is well founded; in other words, that the appropriation of more than twenty-five per cent. of the total assets which came into the hands of the receiver to these payments is plainly excessive. An allowance of $1,000 to the receiver, of a like amount to his counsel, and of $250 to the auditor would in our opinion, under the circumstances of the case, be a fair compensation for the services rendered by them respectively. To this extent the decree will be modified.

The next ground upon which we are asked to reverse the decree appealed from is that the creditors of the insolvent corporation were refused an opportunity to submit evidence to the court showing that the report and account of the receiver were erroneous, untrue and misleading. Our examination of the state of the case, however, discloses that it contains nothing which indicates that any application was made to the court by counsel for the creditors for permission to present such testimony, or that the court refused such permission. This being so, the contention is without legal merit.

Next it is argued by counsel for the appellants that the court erroneously approved a claim of the Maltese Holding Corporation against the insolvent company for $16,556.92. The situation with relation to this phase of the case is as follows: The Maltese company was a customer of the insolvent corporation, purchasing second mortgages from them. As such customer it purchased mortgages which were not

liens at all on the property described therein, being induced to do so by the fraudulent misrepresentations of one Hirschberg, the treasurer and manager of the insolvent company. Hirschberg had given to the Maltese corporation an indemnity bond to protect it against loss from any fraud or illegal act on his part; and it had collected $12,500 on this bond. The appellants contend that by doing so it reduced its claim against the insolvent corporation by that amount; and that consequently that sum should be deducted from its claim in the distribution of the assets of the insolvent company. But this, in our opinion, is a misapprehension of the legal situation. The payment by the bonding company did not discharge the debt of the insolvent corporation to the Maltese corporation. The latter is entitled to receive full payment of its claim from the receiver to the extent that the assets in his hands will permit, and out of the moneys so received it is obligated to reimburse the bonding company the amount of money received from it, the bonding company being subrogated to that extent to the claim of the Maltese corporation. *Monmouth County Insurance Co.* v. *Camden and Amboy Railroad Co., 21 N. J. Eq. 107; Weber* v. *Morris and Essex Railroad Co., 36 N. J. Law 213, 215.*

Lastly, it is contended by the appellants that the claims of the creditors who have appealed from this decree were erroneously subjected to diminishment by the collection by them from other sources of moneys due upon their respective claims. But this is not the fact. The court ordered no distribution to be made by the receiver of the funds in his hands either to priority or general creditors until the further order of the court; reserving for future consideration the question whether the claims of the creditors who have appealed from this decree should be diminished for the reason indicated.

The decree will be modified by reducing the allowances made by the court to the extent hereinbefore indicated.

*For modification*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.